UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALFRED CLARKE and<br>ENID TONEY, | ) ) ) | |
| Plaintiff, | ) ) | **DOCKETED** |
| v. | ) ) | C.A. No. 98-10530-RCL |
| THE CITY OF BROCKTON, | ) ) | |
| Defendant. | ) ) | |

## AMENDED COMPLAINT

1.  This is an action for damages brought by Alfred Clarke and Enid Toney against the City of Brockton, Massachusetts.  The plaintiffs allege that on March 25, 1995, Brockton police officers discharged dangerous quantities of pepper spray into an enclosed area where they and a large number of innocent bystanders, including children and elderly people, were gathered.  The plaintiffs also seek damages under Massachusetts law.

**JURISDICTION**

2.  This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and under the laws of the Commonwealth of Massachusetts.  Jurisdiction is conferred upon the court by 28 U.S.C. §§ 1331 and 1343.  Jurisdiction over the plaintiffs' claims under Massachusetts law is authorized by 28 U.S.C. § 1367.



- 2 -

## PARTIES

3.  Plaintiff Alfred Clarke is a citizen of the United States and a resident of Hanson, Massachusetts.

4.  Plaintiff Enid Toney is a citizen of the United States and a resident of the City of Brockton, Massachusetts.

5.  Defendant City of Brockton is a municipality established and organized under the laws of the Commonwealth of Massachusetts.

6.  At all times relevant to the allegations of this complaint, the defendant was acting under color of the laws of the Commonwealth of Massachusetts and the City of Brockton.

## FACTS

7.  On March 25, 1995, plaintiff Alfred Clarke, who was then employed by Ruff Productions in Brockton, Massachusetts as a sound engineer, was working at an event held in the Ballroom of the Holiday Inn at Westgate Mall in the City of Brockton.  The event was a commemoration of the release of a recording by plaintiff Enid Toney's son, Stern Toney, a musician.  The event featured both recorded music and several live musical performances, and was to include a featured performance by Stern Toney.  Alfred Clarke had set up and was monitoring the sound equipment used for the event.

- 3 -

8.  Plaintiff Enid Toney was also present at the event at the Holiday Inn with members of her family.

9.  There were several hundred people at the event, including young children and elderly people.  The crowd was racially mixed, but the majority of those present were black.

10.  A Brockton police officer, Melvin Lightford, had been hired to provide security for the event.

11.  The event commenced at 9:00 p.m.  At approximately 10:00 p.m., several people who had paid for admission to the event, created a violent disturbance which resulted in their ejection.  None of those involved in the disturbance was arrested or detained by Officer Lightford, who was not in the room a the time that the disturbance broke out.  Although the disturbance was quickly ended, Lightford called for assistance, and his call was broadcast by the police dispatcher as a "Signal 13" or "officer in trouble."

12.  In response to the dispatch, a contingent of 20 to 30 police officers arrived at the Holiday Inn.  The police response was chaotic and wholly unsupervised.  Based solely on the nature of the dispatch, Brockton police officers set about controlling and/or dispersing those in attendance at the event.  Some of the police attempted forcibly to prevent people from entering the ballroom while other police officers attempted forcibly to close the doors to the ballroom to prevent anyone from leaving.  Neither the actions of the Brockton police nor their authority for acting were explained to those present.

- 4 -

13. There were objections to the efforts of the police, and the police responded with force. Several people were struck with clubs and knocked unconscious, others were kicked and punched, and oleoresin capsicum spray was extensively and indiscriminately employed by the police inside the ballroom and in the adjacent areas.

14. Oleoresin capsicum spray, which is commonly known as "pepper spray," is a chemical weapon which is issued by the City of Brockton to its police officers. When sprayed directly, pepper spray causes intense painful burning of the skin, causes the eyes to burn and swell closed and, when inhaled, inflames the respiratory tract and restricts breathing. It poses a substantial danger to persons with respiratory ailments and has been linked to numerous deaths.

15. The Brockton police officers made extensive and repeated use of pepper spray at the Holiday Inn notwithstanding the fact that they were in an enclosed space in which a large number of people were congregated, including elderly people and small children. Those present in the ballroom and the adjacent areas were subjected to the release of large quantities of pepper spray, which caused tearing, choking and respiratory distress. Many people required medical treatment, and some suffered long term injuries as a result of the inhalation of pepper spray.

16. When the Brockton police officers dispatched to the Holiday Inn began using pepper spray, plaintiff Clarke was in the Ballroom. Clarke and others in the room were

- 5 -

prevented by the police from leaving as gas was being sprayed into the room. When those present were finally allowed to leave the room, Clarke was required to remain there to prevent damage to the sound equipment. While he was in the Ballroom, plaintiff Clarke inhaled a large quantity of pepper spray, causing his eyes to close and making it extremely difficult for him to breathe. Shortly after that he bacame nauseous and. by the next day, his sinuses were inflamed and he developed sores in his mouth and gums.

17. The exposure to pepper spray by the actions of the Brockton police has caused plaintiff Clarke to suffer permanent injuries, including respiratory problems and recurrent sores in his mouth and gums which have continued for three years.

18. When the Brockton police officers dispatched to the Holiday Inn began using pepper spray, plaintiff Enid Toney was standing just outside the ballroom. Plaintiff Toney inhaled a large quantity of pepper spray, causing her to suffer severe respiratory distress. As a result of the inhalation of the gas, she became nauseous, collapsed to the floor and required emergency treatment by EMTs who were present.

19. The exposure to pepper spray by the actions of the Brockton police has caused plaintiff Toney to suffer respiratory problems, headaches and sleeplessness which have required ongoing medical treatment.

20. The use of pepper spray by the Brockton police at the Holiday Inn in a manner that exerted force against innocent bystanders, including the plaintiffs, who posed no threat to public safety was unnecessary and unreasonable.

- 6 -

21.  The use of pepper spray at the Holiday Inn by the Brockton police was done pursuant to the policy of the Brockton Police Department and the City of Brockton permitting the use of pepper spray as a weapon.  In addition, as a matter of custom, policy and practice, the City of Brockton has failed and refused to adopt and/or enforce regulations limiting the use of pepper spray or similar weapons in situations where innocent bystanders or vulnerable persons may be exposed to dangerous gas and has failed and refused to train its officers to in the appropriate use of pepper spray.  The use of pepper spray in a crowded room where small children and elderly people were present and the inhalation of pepper spray by plaintiff Toney was a direct and proximate result of the foregoing policies, customs and practices of the City of Brockton and the Brockton Police Department.

22.  Shortly after the March 25, 1995 incident, the plaintiffs and others who had been at the Holiday Inn filed complaints with the Internal Affairs Division of the Brockton Police Department.  Many specifically objected to the use of pepper spray by the police. In August, 1996, the Brockton Police Department concluded its investigation of the incident and determined that use of pepper spray at the Holiday Inn was consistent with the rules and regulations of the Brockton Police Department.  The Commander of the Internal Affairs Division advised the complainants without further explanation that "the officers did not violate department procedures, rules or regulations."

23.  The plaintiffs asked the city to reopen the investigation and to appoint a

- 7 -

special investigator to review the officer's conduct. The city, through its city solicitor, replied that "mace" was used but that there was no basis for a finding of misconduct and that the presence of children was not the responsibility of the officers.

**FIRST CAUSE OF ACTION**

24. The plaintiffs repeat the allegations of paragraphs 1 through 23 and incorporate them herein as if set forth in full.

25. The use of pepper spray by officers of the Brockton Police Department was an unreasonable and violated the plaintiffs' right under the Fourth and Fourteenth Amendments to the United States Constitution to be secure in their persons and to be free from unreasonable searches and seizures.

**SECOND CAUSE OF ACTION**

26. The plaintiffs repeat the allegations of paragraphs 1 through 23 and incorporate them herein as if set forth in full.

27. The defendant's custom, policy and practice authorizing and allowing the use of pepper spray was adopted and implemented with deliberate indifference to the rights of the plaintiffs, and the use of pepper spray at the Holiday Inn pursuant to the defendant's custom, policy and practice shocks the conscience.

28. The plaintiffs were deprived of their rights to due process of law under the Fourteenth Amendment to the United States Constitution.

- 8 -

**WHEREFORE**, the plaintiffs pray that:

A.  Judgment enter for the plaintiffs against the defendant for compensatory damages in the amount determined by the court;

B.  The Court award the plaintiffs the costs of this action, including reasonable attorneys' fees; and

E.  The Court grant such further relief as is just.

**DEMAND FOR TRIAL BY JURY**

The plaintiffs demand a trial by jury on the amount of their damages.

> ALFRED CLARKE
> ENID TONEY
> By their attorneys,
>
> John Reinstein (BBO No. 416120)
> Sarah Wunsch (BBO No. 548767)
> American Civil Liberties Union
>   of Massachusetts
> 99 Chauncy Street, Suite 310
> Boston, Massachusetts 02111
> (617) 482-3170

August 3, 2000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above Document was served upon (each party appearing pro se and) the attorney of record for each party by mail/~~hand on~~

_8 - 3 · 00_
Date

Signature